UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:02-CR-151 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| KAREN LEANETTE DAVIS, ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M**

This matter came before the Court on November 3, 2005 for the resentencing hearing of Defendant Karen Leanette Davis ("Defendant"). The United States Supreme Court granted Defendant's petition for certiorari and vacated her original sentence, remanding the case to the United States Court of Appeals for the Sixth Circuit for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005) (*see Davis v. United States*, 125 S. Ct. 1073 (2005)). The Sixth Circuit then remanded the case to this Court for resentencing pursuant to *Booker* (*see* Court File No. 203).

The Court issued a much different sentence in the resentencing hearing than it had issued in its previous sentencing hearing. The Court arrived at this new sentence after taking into account Defendant's personal circumstances and background as well as the purposes of federal sentencing as stated by Congress in 18 U.S.C. § 3553(a), and determined a sentence outside of the United States Sentencing Guidelines ("Guidelines") was appropriate. The Court now issues this written memorandum in order to more fully state its reasons for the non-Guidelines sentence.

I.  **FACTUAL BACKGROUND**

Defendant grew up in a family of drug dealers, surrounded by family members abusing illegal drugs, and became involved in illegal drug dealing herself at an early age. Defendant was involved in the distribution of cocaine hydrochloride and cocaine base ("crack") from at least the early 1990s. Additionally, Defendant was romantically involved with several drug dealers and married a major drug dealer, co-defendant Willie Dee Davis. Defendant both sold cocaine and helped transport cocaine in kilogram quantities on multiple bus trips between Chattanooga, Tennessee and Nashville, Tennessee. Defendant also assisted Willie Davis's drug activities by forwarding messages to him concerning drug sales and assisting him and others in drug transactions. During Willie Davis's incarceration in 1995 and 1996, Defendant received proceeds from the drug business being operated by his associates, as well as facilitated and engaged in drug activities of her own. Defendant additionally assisted drug dealers, including her uncle, Nathan Benford (1:98-cr-77, J. Edgar), in setting up multi-kilogram cocaine transactions with large-scale suppliers. Defendant told others she was aware of Willie Davis's involvement in at least two murders.

Defendant has seven children, all under the age of 18, including one born just a few months before her original sentencing hearing. As both Defendant and her husband Willie Davis are currently incarcerated[1], Defendant's relatives are caring for those children. Prior to her arrest in October 2002, Defendant spent a lot of time with her children and was enrolled in classes at the Urban League of Greater Chattanooga, Tennessee in 2001 and 2002. The Urban League reported Defendant was an excellent student and an example to her fellow students.

During her current incarceration, Defendant has completed a blueprint class and is working

---

[1]Willie Davis is serving a 40-year sentence for his conviction in this case.

at a Federal Prison Industries ("UNICOR") job making cables for the military.

## II. PROCEDURAL BACKGROUND

On February 7, 2003, Defendant pleaded guilty without benefit of a plea agreement to three counts of a multi-count, multi-defendant indictment. Count One charged her with conspiracy to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A). Counts Four and Five charged her with use of a telephone to facilitate the commission of conspiracy to distribute cocaine and marijuana, respectively, in violation of 21 U.S.C. § 843(b).

Following her guilty plea the Probation Office completed a PSR, applying the Guidelines to her case. The PSR assigned Defendant a total offense level of 40 and a criminal history category of II. With that offense level and criminal history score, the Guidelines provide an imprisonment range of 324 to 405 months. This calculation was upheld on appeal. Additionally, the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) is 20 years imprisonment with a maximum of life imprisonment. On July 22, 2003, the Court sentenced Defendant to a total term of 324 months imprisonment.

## III. DISCUSSION

Since the United States Supreme Court's decision in *Booker*, district judges are afforded considerably more discretion in determining the sentence of a criminal defendant. In *Booker*, the Supreme Court made the Guidelines advisory by excising 18 U.S.C. § 3553(b), the provision of the Sentencing Reform Act that made the Guidelines mandatory. 125 S. Ct. at 764-68. However, the

3

Supreme Court also held "the district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 767. Now, sentencing judges must determine the sentence by application of the factors set forth 18 U.S.C. § 3553(a) but must also give consideration to the Guidelines (including the Guidelines sentencing range). *Id.* at 756, 764.

Congress has provided sentencing judges a list of goals or factors judges must consider in imposing a sentence. Section 3553(a) contains a "parsimony" provision that commands sentencing judges to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." 18 U.S.C. § 3553(a). "[A] district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2)." *United States v. Foreman*, ___ F.3d ___ (available at 2006 WL 287365) (6th Cir. Feb. 8, 2006).

This Court, in *United States v. Phelps*, 366 F.Supp. 2d 580 (E.D. Tenn. 2005), set out its methodology for arriving at a sentence following *Booker*. The steps described in *Phelps* will be followed here.

First, the Court will apply the relevant Guidelines provisions. This includes calculating the advisory Guidelines range and applying established departure law and procedures. The Court also will consider the collective judgments of the Sentencing Commission and Congress reflected by the resulting Guidelines range.

The Court next will look to the sentencing purposes Congress requires it to consider, listed in § 3553(a)(2):

> [T]he need for the sentence imposed–
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;

4

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). Section 3553(a) further directs courts to consider: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) "the kinds of sentences available," 18 U.S.C. § 3553(a)(3); (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6); and (iv) "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7).

Finally, the Court will determine a reasonable sentence in accordance with §3553(a), including but not limited to considering the relevant Guidelines range. *See Booker*, 125 S. Ct. at 767.

### IV. NON-GUIDELINES SENTENCE IS WARRANTED

Having determined the Guidelines range, which remains unchanged after the Sixth Circuit's ruling on Defendant's appeal, the Court then turns to the other factors listed in § 3553(a) in fashioning an appropriate sentence being ever mindful of the overriding goal of imposing a sentence sufficient, but not greater, than necessary to comply with purposes set out in § 3553(a). The Court concludes a sentence of the statutory mandatory minimum in this case is most appropriate and more than adequately reflects the factors in § 3553(a). The case law in this circuit requires the sentencing court to explain its reasons for the sentence imposed. *United States v. Williams*, __ F.3d __ (available at 2006 WL 224067) (6th Cir. Jan. 31, 2006) (district court must articulate reasoning sufficiently to allow for appellate review, "specifying its reasons for selecting [the] sentence . . .").

5

Given the nature and circumstances of this offense and the history and characteristics of Defendant, for the following reasons, the Court concludes this sentence is appropriate under § 3553(a).

The Court was particularly moved by two of the factors listed in § 3553(a)(2), "the need for the sentence imposed . . . (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." 18 U.S.C. § 3553(a)(2)(C) and (D).

The Court finds the need to protect the public from the future crimes of Defendant is "minimal" because Defendant has reached a point in her life when her children are the most important part of her life, and the happiness they bring her has eclipsed her interest in engaging in the criminal aspects of her former way of life (Tr. at 28). Additionally, at the time she was arrested, Defendant had disassociated herself from her former lifestyle and involvement in drugs (*id.*). This disassociation apparently was prompted by Defendant's desire to become a law abiding citizen and contribute to her children's upbringing. Defendant was working on vocational training at that time to enhance her legitimate employment prospects (*id.*). Further, Defendant herself was not a violent person. There was no evidence in recent years Defendant engaged in any violent activities herself. Defendant would not allow guns inside her home, and this lack of a history of gun possession weighed in this portion of the Court's analysis. The Court finds this factor does not favor a harsh sentence (*id.*). As to the other factor, the Court thinks it is in a better position than Congress or the Sentencing Commission to determine the sentence that adequately provides a defendant with educational or vocational training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D). The Court finds Defendant is not in need of any such correctional treatment and this factor also does not favor a severe sentence.

The Court does think Congress and the Sentencing Commission are in a better position to make a decision regarding two other factors, "the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] (B) to afford adequate deterrence to criminal conduct . . ." 18 U.S.C. § 3553(a)(2)(A) and (B). The Court finds the determinations of those two bodies are reflected by the severe mandatory minimum sentence and the Guidelines range, and the Court will not second-guess those determinations. Defendant was involved in a very large quantity of drugs over many years. The Court believes the types of offenses to which Defendant pleaded guilty require a severe prison sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Additionally, the Court finds a stiff sentence will satisfy another portion of § 3553(a), that requiring the sentence imposed "to afford adequate deterrence to criminal conduct" by others who might be inclined to participate in the type of activity in which Defendant was involved. 18 U.S.C. § 3553(a)(2)(B). A sentence of twenty years is sufficient to comply with this factor.

The Court finally must focus on the "parsimony" provision in § 3553(a) that commands sentencing judges to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." 18 U.S.C. § 3553(a). Having evaluated the other factors in § 3553(a), the Court finds a non-Guidelines sentence is appropriate in this case. The sentence recommended by the Guidelines, between 324 and 405 months, is greater than what is necessary to accomplish the goals of sentencing set out in § 3553(a), which can be accomplished just as well by the lenthy statutory mandatory minimum. Defendant has shown the Court she had moved on with her life and extricated herself from the drug conspiracy well before her arrest in October 2002; she did this on her own, not because she had learned what the consequences of her previous actions

7

would be. Defendant was working to better herself so she could be a contributing member of society and raise her family to be the same. Additionally, such a long sentence still will be a significant punishment for Defendant. Defendant's children will all be grown by the time she is released. She will have missed out on their childhoods. The Court can find no legitimate societal benefit at all to a sentence longer than the statutory mandatory minimum.

The Court concludes a sentence of the statutory mandatory minimum, 240 months on Count One to be served concurrently with all other terms, is the appropriate sentence, is a reasonable sentence and, although it differs from the Guidelines, it will more effectively promote the sentencing goals outlined in 18 U.S.C. § 3553(a). Defendant's sentence will remain the same as it was originally imposed in all other respects, including the sentence of 96 months imprisonment on Counts Four and Five, all terms to be served concurrently.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**